Ricardo BAYONA, Appellant,

v.

The STATE of Texas, Appellee.

No. 51090.

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

---

**156**

Joseph A. Calamia and Charles Michael Mallin, El Paso, for appellant.

George N. Rodriquez, Jr., County Atty. and Michael S. McDonald, Asst. County Atty., El Paso, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for simple assault. Appellant was found guilty in a bench trial and punishment was assessed at one year's probation. The offense occurred on July 27, 1974 and trial was held on February 28, 1975.

Appellant and a co-defendant were charged by information with criminally negligent homicide in the death of one David Martinez. The evidence showed that Martinez, a known hemophiliac, was struck at least once by the appellant in the course of an argument. He died several days later as the result of an intracranial hemorrhage.

The trial court expressly acquitted appellant of criminally negligent homicide, but found him guilty of simple assault on a lesser included offense theory. Arts. 37.08 and 37.09, V.A.C.C.P. The only question presented by this appeal is whether simple assault is a lesser included offense of criminally negligent homicide.

Sec. 19.07, V.A.T.C., Penal Code, defines criminally negligent homicide in the following way:

"(a) A person commits an offense if he causes the death of an individual by criminal negligence."

"Criminal negligence" is defined in Sec. 6.03(d) of the Code and the information in this case tracked the definition faithfully. Under Sec. 22.01(a)(1) of the Penal Code, a person commits a simple assault if he "intentionally, knowingly, or recklessly causes bodily injury to another . . . ." It can be seen that the mental culpability required to prove an assault is higher than that required for criminally negligent homicide. Sec. 6.02(d), V.A.T.C., Penal Code.

Art. 37.09, V.A.C.C.P., provides that an offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

"(4) it consists of an attempt to commit the offense charged or an otherwise included offense."

The higher degree of mental culpability required for an assault clearly removes it as a lesser included offense under Subsec. (3), above; in fact, a *more* culpable mental state is required to establish its commission. This distinction also defeats the lesser included offense argument under Subsec. (1), above. Assault requires proof of a fact not needed to establish criminally negligent homicide, to-wit: a higher degree of culpability.

With respect to Subsec. (2), relied upon by the State, assault certainly involves a less serious injury to the victim than does the homicide offense. But, by the terms of Subsec. (2), this less serious injury must be the *only* difference between the two offenses, and this is clearly not the situation in this case. Finally, assault is obviously not an attempt to commit negligent homicide under Subsec. (4).

We conclude that simple assault cannot be a lesser included offense of criminally negligent homicide. Compare *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1976). There-

fore, appellant's conviction for assault cannot stand.

The judgment is reversed and the prosecution ordered dismissed.

ODOM, Judge (concurring).

I agree with the majority that this conviction for simple assault as a lesser included offense to the charge of criminally negligent homicide must be reversed, but I would reach that conclusion by different reasoning.

The information charged appellant and another with criminally negligent homicide in the following terms:

". . . RICARDO BAYONA and DAVID CARRILLO, acting together, did then and there cause the death of DAVID MARTINEZ by criminal negligence, namely by striking DAVID MARTINEZ with their fists and kicking him with their feet, and the said Ricardo Bayona and David Carrillo ought to have been aware of the substantial and unjustifiable risk that said result would occur, and said risk was of such nature and degree that the failure to perceive it constituted a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the standpoint of the said Ricardo Bayona and David Carrillo. . . ."

Appellant was found guilty by the court of assault under V.T.C.A., Penal Code Sec. 22.-01(a)(1), which provides, "A person commits an offense if he: (1) intentionally, knowingly, or recklessly causes bodily injury to another . . . ."

The State relies on the doctrine of lesser included offenses to uphold the conviction. The majority point to the variance in culpable mental states required for criminally negligent homicide under V.T.C.A., Penal Code Sec. 19.07, and for assault under Sec. 22.01(a)(1), supra, to conclude that "assault *cannot* be a lesser included offense of criminally negligent homicide" (emphasis added). It is my opinion that in this case assault is not a lesser included offense of the crimi-

nally negligent homicide charged against appellant as set out in the above-quoted information, because no "intentionally, knowingly, or recklessly cause[d] bodily injury" is alleged in the offense charged. This conclusion, however, does not mean that assault can never be a lesser included offense to criminally negligent homicide.

In *Day v. State,* Tex.Cr.App. 532 S.W.2d 302, the doctrine of lesser included offenses and Art. 37.09, V.A.C.C.P., were discussed at length. It was there stated:

"The careful reader will observe that each definition in Art. 37.09 is stated with reference to 'the offense charged,' and moreover, each such definition specifically states the manner in which the lesser included offense differs from the offense charged. The enumerated variations in the statute do not enlarge upon the offense charged, but instead vary in a manner that either is restrictive or reduces culpability as compared to the offense charged. In view of those restrictions, we hold Arts. 37.08 and 37.09, supra, are constitutional insofar as they authorize, as did the prior scheme of degrees of offenses, conviction upon an indictment charging one offense for a lesser included offense of the offense charged. We must add, however, that whether one offense bears such a relationship to the offense charged is an issue which must await a case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of the facts of the case."

My disagreement with the majority's reasoning lies in the manner of determining the applicability of Art. 37.09, supra. Instead of comparing the statutes defining the primary offense and the assertedly included offense, the court should compare the offense as charged in the State's pleading instrument with the statute defining the assertedly included offense. In this case application of the test quoted from *Day,* supra, reveals the same discrepancy in culpable mental states as observed by the

majority, and mandates the same disposition.

For these reasons, I concur.

DOUGLAS, J., joins in this concurrence.