**Irma Irene JACOB, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1332–93.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 1, 1995.

Roy Beene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

In this opinion we review the Court of Appeals' determination that aggravated assault is not a lesser included offense of burglary of a habitation *with intent to commit* aggravated assault. Appellant was indicted for burglary of a habitation with intent to commit aggravated assault (count one) and burglary of a habitation with intent to commit murder (count two). After a bench trial, the trial court found her guilty of aggravated assault. The court found the enhancement allegation to be true and sentenced appellant to confinement for five years. The Court of Appeals reversed the conviction, holding that the "intent to commit a felony" language does not establish the felony as a required element of the greater offense of burglary so as to make that felony a lesser included offense. *Jacob v. State*, 864 S.W.2d 741, 744 (Tex.App.—Houston [14th] 1994). We granted the State's petition for discretionary review to address this holding.

Appellant and a co-defendant knocked on the complainant's front door. When the complainant opened the door they pulled her outside, grabbed her by the hair and dragged her downstairs to the pool area. They hit her head against the concrete, kicked and beat her severely.

Appellant was indicted for burglary under V.T.C.A. Penal Code, Section 30.02(a)(1)— entry with intent to commit a felony.[1] The Court of Appeals stated that under Article 37.09(1), V.A.C.C.P., facts required to prove the burglary did not include facts establishing the aggravated assault; thus aggravated assault was not a lesser included offense of burglary under Section 30.02(a)(1). *Jacob*, 864 S.W.2d at 743. The court relied upon *Garcia v. State*, 571 S.W.2d 896 (Tex.Cr.App. 1978); *Houston v. State*, 556 S.W.2d 345 (Tex.Cr.App.1977); and several courts of appeals cases.

The starting point in any analysis of lesser included offenses is Article 37.09. In the instant case the applicable portion is Article 37.09(1), which defines a lesser included offense as one "established by proof of the same or less than all the facts required to establish the commission of the offense charged." In *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App.1975) (opinion on rehearing), this Court explained that Article 37.09 was constitutional because each definition in Article 37.09 is stated with reference to the "offense charged" and does not enlarge upon the offense charged, but either restricts or reduces culpability as compared to the offense charged. *Day*, 532 S.W.2d at 315. This satisfies the requirements of due process and notice because the lesser included offense must necessarily be included within the greater. The determination of whether an offense is a lesser included offense must be done on a case-by-case basis because Article 37.09 defines lesser included offenses "in terms of the offense charged and ... in terms of the facts of the case." *Id.* at 316.

This Court has repeatedly explained that *Day*'s interpretation of Article 37.09(1) means a lesser included offense is determined by looking at (1) the elements of the offense actually charged, (2) the statutory elements of the offense sought as a lesser included offense, and (3) the proof presented

1. Under Section 30.02(a)(1) a person commits burglary if, without the effective consent of the owner, the person "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft."

at trial to show the elements of the charged offense. See *Cunningham v. State*, 726 S.W.2d 151 (Tex.Cr.App.1987); *Bell v. State*, 693 S.W.2d 434 (Tex.Cr.App.1985); *Broussard v. State*, 642 S.W.2d 171 (Tex.Cr.App. 1982); *Hazel v. State*, 534 S.W.2d 698 (Tex. Cr.App.1976). This does not mean that evidence presented at trial, viewed by itself, determines a lesser included offense. *Bell*, 693 S.W.2d at 438; *Sanders v. State*, 664 S.W.2d 705, 709 (Tex.Cr.App.1982) (Clinton, J., concurring).

▌ The State's disagreement with the Court of Appeals in the instant case essentially turns on what is meant by "facts required" in Article 37.09(1). The State argues this focuses on the evidence the State presented to prove the charged offense. But such interpretation negates the language of Article 37.09(1) by changing "facts required" into "facts presented." "Facts required" means the evidence legally required to prove the elements. For instance, the State may prove more than is legally required by also proving a different offense than the charged offense just because of the facts in the particular case. The constitutional validity of Article 37.09 rests in part on its reference to the offense charged and to the restricted or reduced culpability of the lesser included offense as compared to the offense charged. *Day*, 532 S.W.2d at 315. Otherwise a defendant could be convicted of offenses not subsumed in the charged offense but shown by the evidence presented. That is why a lesser included offense is defined with reference to the facts "required" to establish the charged offense rather than to facts presented at trial.

▌ As we explained in *Day*, this means that first a statutory and then a factual analysis must be done in light of the charged offense. Next, the elements of the offense claimed to be a lesser included offense must be examined to see if the elements are functionally the same or less than those required to prove the charged offense. Then the proof or facts actually presented to prove the elements of the charged offense must be examined to see if that proof also shows the lesser included offense. *Broussard*, 642 S.W.2d 171; *Hazel*, 534 S.W.2d at 700. See also *Bayona v. State*, 544 S.W.2d 155, 157–158 (Tex.Cr.App.1976) (Odom, J., concurring).

For example, in *Bartholomew v. State*, 871 S.W.2d 210 (Tex.Cr.App.1994), the indictment charged reckless driving and alleged the acts showing recklessness as racing and speeding. After doing a statutory comparison of the three offenses, we held that although racing and speeding are not necessarily lesser included offenses of reckless driving, in this case they were because the indictment charging the offense of reckless driving specifically alleged racing and speeding and the proof at trial showed racing and speeding. If the State had alleged other acts to prove the element of recklessness, evidence of racing and speeding presented at trial would not entitle the defendant to a charge on racing and speeding as lesser included offenses. For instance, if the indictment alleged recklessness by driving in circles, "doing donuts" in the street, and the evidence presented at trial showed the defendant did that as well as raced and sped, speeding and racing would not be facts "required to establish" the charged offense of reckless driving because the charged offense alleged recklessness by "doing donuts." Since racing and speeding would not be "required to establish" the charged offense, they would not be lesser included offenses of the charged offense.

▌ In the instant case the indictment alleged in pertinent part that appellant did:

"... with intent to commit AGGRAVATED ASSAULT, enter a habitation owned by [the complainant], a person having a greater right to possession of the habitation than the Defendant ... without the effective consent of the Complainant, namely without any consent of any kind."

Under Article 37.09(1) the "facts required to establish" this charged offense are that appellant, without the effective consent of the owner, entered a habitation with intent to commit aggravated assault. See V.T.C.A.

Penal Code, Section 30.02(1). Under this charged offense, the State is not *required* to prove that an aggravated assault occurred. Rather, the State must show only that the defendant intended to commit such assault. Contrast an indictment charging burglary under Section 30.02(3),[2] which would *require* that the State show the commission of an aggravated assault or acts constituting an attempt to commit an aggravated assault. While it may be true that when the State proves an aggravated assault, the proof shows an intent to commit the assault, under Article 37.09(1) facts showing a completed assault are not "required" to prove the intent to commit such assault. Intent to commit requires less proof. While it certainly *may* be used to show that intent, it is not legally *required* because intent to commit can be established by facts showing something less than commission of the offense.

The State contends that such logic has not been followed in cases involving aggravated robbery which hold theft is a lesser included offense. Citing various cases in which this Court has held theft may be a lesser included offense of robbery, the State argues the rationale in these cases is that the presence of a lesser included offense is not determined by the allegations in the indictment, but by the evidence presented at trial. The State points to a number of cases including *Earls v. State,* 707 S.W.2d 82 (Tex.Cr.App.1986); *Parr v. State,* 658 S.W.2d 620 (Tex.Cr.App. 1983); *Campbell v. State,* 571 S.W.2d 161 (Tex.Cr.App.1978).

Although not all cases are as clear as they could be in applying Article 37.09(1), they do indicate that the factual determination is done by reference to the charged offense, not by reference only to the facts presented at trial. For example, in *Campbell* this Court stated that the charged facts in the indictment included the statutory element "in the course of committing theft." *Campbell,* 571 S.W.2d at 162. That phrase as statutorily defined includes "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." V.T.C.A. Penal Code, Section 29.01(1). That permits proof by several means to show "facts required," including proof of a completed theft or an attempted theft. Since the phrase "in the course of committing theft" was alleged in the indictment as part of the charged offense, facts presented at trial showing a completed theft are subsumed in the charged offense and can be "facts required." This Court noted that the facts showed a completed theft which was part of the charged offense of aggravated robbery. Therefore, this Court correctly held theft was a lesser included offense of aggravated robbery under Article 37.09(1). *Campbell,* 571 S.W.2d at 162. See also *Earls,* 707 S.W.2d at 84–85 (a statutory analysis is done first by looking at the offense charged in the indictment and then by a statutory analysis of the offense sought as a lesser included offense).

In conclusion, we agree with the Court of Appeals that because evidence showing a completed aggravated assault is not part of the facts legally required to show burglary with intent to commit aggravated assault, under Article 37.09(1) aggravated assault is not a lesser included offense of burglary under Section 30.02(a)(1).

The judgment of the Court of Appeals is affirmed.

---

2. Section 30.02(3) states that a burglary is committed if a person, without the effective consent of the owner, "enters a building or habitation and commits or attempts to commit a felony or theft."