Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed and Memorandum Opinion
filed May 1, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00206-CR

_______________

 

MARCUS LYNN JOHNS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On
Appeal from 183rd District Court

Harris County, Texas

Trial
Court Cause No. 853,289

                                                                                                                                                

 

M E M O R A N D
U M   O P I N I O N

Appellant, Marcus Johns, appeals his conviction for
aggravated robbery.  He contends the
trial court erred in limiting cross-examination of a key witness and in failing
to instruct the jury on a lesser-included offense.  We affirm. 


 








Facts

Catherine Patterson, a professor at the University of
Houston, and appellant were passengers in an on-campus elevator.  During the elevator ride, appellant
threatened Professor Patterson with a gun and demanded her purse.  After taking her purse, he exited the
elevator, and told her to remain inside. 
After he left, Professor Patterson got off the elevator and called the
police from her office.  She described
appellant and later assisted in developing a composite sketch.  A few days later, Officer Geraldo stopped a
car that had been involved in an aggravated robbery.  Appellant was driving, and there were four
passengers BB a woman named Tangela
Battles and three children.  After stopping
the car, Officer Geraldo saw a gun in plain view and arrested appellant.  A subsequent search of the car revealed
Professor Patterson=s personal papers and stolen credit cards.  

During trial, Professor Patterson identified appellant and
provided most of the testimony against him. 
In his defense, appellant claimed that Tangela
Battles found the professor=s purse in a public restroom near the university.  He further testified that although he did not
steal the purse, he would have used the credit cards if given an
opportunity.  When called as a rebuttal
witness, Ms. Battles denied appellant=s explanation about possession of
Professor Patterson=s belongings. 
Accordingly, appellant=s counsel sought to discredit Ms. Battles through questions
about her current deferred adjudication probation for welfare fraud. 

Cross-examination








In appellant=s first issue, he contends the trial court erred in
disallowing cross-examination about Ms. Battles=s deferred adjudication.  We review a trial court=s decision to limit a defendant=s cross‑examination for abuse
of discretion.  See Love v. State,
861 S.W.2d 899, 903 (Tex. Crim. App. 1993); Knox
v. State, 31 S.W.3d 700, 702 (Tex. App.CHouston [1st Dist.] 2000, no
pet.).  Generally, a defendant is
permitted to cross‑examine a witness about deferred adjudication
probation to show a potential motive, bias, or interest to testify for the
State.  See Maxwell v. State, 48 S.W.3d 196, 200 (Tex. Crim.
App. 2001).  Here, the trial court
precluded such cross-examination through its ruling on the State=s motion in limine.  Generally, a ruling on a motion in limine does not preserve error for appellate review.  See Webb v. State, 760
S.W.2d 263, 275 (Tex. Crim. App. 1988).  Additionally, a ruling on a motion in limine that excludes evidence Ais subject to reconsideration
throughout trial@ and in order Ato preserve error an offer of the
evidence must be made at trial.@  Warner
v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).  During cross-examination, appellant made no
attempt to establish bias, make an offer of proof, or object to Ms. Battles=s testimony.  He failed
to ask in any way for the trial court to reconsider the issue.  Accordingly, he has not preserved error for
our review.  See Tex. R. App. P. 33.1(a).  Therefore, we overrule appellant=s first point of error.

Lesser-included offense

In his second point of error, appellant contends the trial
court erred by failing to instruct the jury on the lesser-included offense of
theft.  Generally, a trial court must
submit a lesser‑included offense when a defendant establishes (1) that
the lesser offense is included within the proof necessary to establish the
offense charged; and (2) some evidence exists in the record which would permit
a rational jury to find that if the defendant is guilty at all, he is guilty
only of the lesser offense.  See Wesbrook v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944
(2001).  We recognize that theft can be a
lesser-included offense of aggravated robbery. 
Jacob v. State, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995). 
In this case, however, we limit our review to whether evidence in the
record demonstrates that appellant was guilty only of theft.  In doing so, we must consider all the
evidence introduced at trial.  Penry
v. State, 903 S.W.2d 715, 755 (Tex. Crim. App.
1995).








At trial, appellant denied committing aggravated robbery of
Professor Patterson.  Rather, he claims
that he came into possession of her belongings through Ms. Battles.  He further claims that he was entitled to the
lesser-included charge of theft because if provided an opportunity, he would
have used the credit cards.  The
essential elements of theft include (1) unlawful appropriation of property and
(2) intent to deprive the owner of property. 
Tex. Pen.
Code Ann. ' 31.03(a) (Vernon 2003).  Even if the jury believed appellant=s testimony, he would not be guilty
of theft because he had not yet unlawfully appropriated property of
another.  Id. ' 31.03(b).  According to appellant=s testimony, he is guilty of no
crime.  Thus, the jury could have either (1) accepted the State=s version of the facts and found
appellant guilty of aggravated robbery or (2) rejected the State=s facts, believed appellant=s testimony, and found him not guilty
of any offense.  AIf a defendant either presents
evidence that he committed no offense or presents no evidence, and there is no
evidence otherwise showing he is guilty only of a lesser included offense, then
a charge on the lesser included offense is not required.@  Bignall v. State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994).  Finally, the State=s evidence established only that
appellant committed aggravated robbery, not theft.  Because the elements of theft were not raised
in the evidence presented either by the State or appellant, the trial court did
not err in refusing to instruct the jury on the lesser-included offense of
theft.  We overrule appellant=s second point of error.  

Accordingly, the judgment of the trial court is
affirmed.  

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered
and Memorandum Opinion filed May 1, 2003.

Panel consists of
Justices Anderson, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).