NO. 07-03-0035-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 30, 2004


 

______________________________




DEMARIUS JEFFERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 258TH DISTRICT COURT OF SAN JACINTO COUNTY;



NO. 8601; HONORABLE ELIZABETH COKER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant, Demarius Jefferson, brings this appeal challenging his conviction for the
felony offense of aggravated assault and jury-assessed punishment of ten years
incarceration in the Institutional Division of the Texas Department of Criminal Justice. We
affirm.

 Appellant does not challenge the sufficiency of the evidence and a detailed recitation
of the facts giving rise to his prosecution is unnecessary. Appellant was a target in an
undercover drug investigation. In the course of an attempted buy Officer Hardy Nevill
produced $200 cash to purchase cocaine from appellant. Both appellant and Nevill drew
and pointed firearms at each other. Each testified his conduct was in response to the other
drawing a gun first. Nevill disarmed appellant who escaped when Nevill went outside to
arrest other participants. Appellant was later identified and arrested.

 Appellant was indicted for aggravated robbery. At trial, over appellant's objection,
the court charged the jury also concerning the lesser included offense of aggravated
assault. Appellant's counsel stated the specific basis for the objection as: 

 Article [sic] 31.03(a) of the Penal Code, Theft, is the basis upon which
Robbery is predicated, Article [sic] 29.02(a)(2), and Aggravated Robbery,
29.03(a)(2) is predicated upon all the elements of Robbery. If you eliminate
Theft . . . you have eviscerated the whole offense and just change[d] it into
something it never was. 

The jury found appellant guilty of that lesser included offense. Appellant's sole issue
assigns error to inclusion of that offense in the jury charge. 

 The determination whether an offense is a lesser included offense under article
37.09(1) of the Code of Criminal Procedure must be made on a case-by-case basis. Jacob
v. State, 892 S.W.2d 905, 907 (Tex.Crim.App. 1995). The determination is made by
comparing (1) the elements of the offense actually charged, (2) the statutory elements of
the offense sought as a lesser included offense, and (3) the proof presented at trial to show
the elements of the charged offense. Id. at 907-08; see Day v. State, 532 S.W.2d 302, 315
(Tex.Crim.App. 1975) (op. on reh'g). 

 In this case, the elements of aggravated robbery as alleged in the indictment (1) were
that the defendant, at the stated time and place: (1) while in the course of committing theft
of property and with intent to obtain or maintain control of the property; (2) intentionally or
knowingly threatened or placed the victim in fear of imminent bodily injury or death; and (3)
then and there exhibited or used a deadly weapon in the form of a firearm. See Tex. Penal
Code ann. § 29.02 (Vernon 2003). As applicable here, the statutory elements of
aggravated assault are that the defendant (1) intentionally or knowingly threatened another
with imminent bodily injury, and (2) used or exhibited a deadly weapon. Tex. Penal Code
ann. §§ 22.01(a)(2), 22.02(a)(2) (Vernon 2003). Appellant does not deny that the evidence
presented in the State's effort to prove him guilty of the charged offense of aggravated
robbery also of necessity demonstrated his guilt of aggravated assault. (2) 

 Appellant's argument is that aggravated assault cannot be a lesser included offense
of aggravated robbery because the offense of assault does not require the element of
unlawful appropriation of property with intent to deprive the owner of it that is required to
prove the offense of robbery. He cites Earls v. State, 707 S.W.2d 82 (Tex.Crim.App. 1986),
as establishing that theft is a lesser included offense of robbery, and quotes the statement
in that case that theft was "necessarily included in the alleged elements of the greater
offense of robbery" when the indictment alleged "in the course of committing theft." Id. at
84-85. Earls does not support a contention that theft is an essential element of any lesser
included offense of robbery. The Earls opinion notes, in the sentence following that just
quoted, that robbery "requires an additional element." Id. at 85. Earls does not suggest
that additional element cannot form the basis of a lesser included offense.

 The Day opinion contains a discussion that a purported lesser included offense must
bear a relationship to the charged offense. 532 S.W.2d at 315-16; see Cunningham v.
State, 726 S.W.2d 151, 153 (Tex.Crim.App. 1987). Appellant essentially argues that the
offense of aggravated assault categorically does not bear a sufficient relationship to that
of aggravated robbery to enable the former offense to be viewed as a lesser included
offense of the latter. Appellant's counsel argued at trial eliminating the element of theft
would eviscerate the offense of robbery "and just change it into something it never was." 
Appellant's argument ignores the Court of Criminal Appeals' jurisprudence characterizing
the offense of robbery as an "assaultive offense" since its re-definition in the 1974 penal
code, rather than an aggravated form of theft as under common law. See Ex parte
Hawkins, 6 S.W.3d 554, 560 (Tex.Crim.App. 1999) (for double jeopardy analysis, "robbery
is a form of assault"); Crank v. State, 761 S.W.2d 328, 350 (Tex.Crim.App. 1988)
("gravamen of robbery is the assaultive conduct and not the theft"). Judge Johnson's
concurring opinion in Hawkins, while stating the majority opinion goes too far in saying that
robbery is a form of assault, notes that assault and robbery have elements in common and
that under a Blockburger (3) (double jeopardy) analysis, assault is considered a lesser-included offense of robbery. Hawkins, 6 S.W.3d at 563 (Johnson, J., concurring).

 The trial court did not err in treating aggravated assault as a lesser included offense
of aggravated robbery in this case. We overrule appellant's issue and affirm the judgment
of the trial court.

 James T. Campbell

 Justice




Do not publish.
1. The indictment contained two counts, charging appellant, in identical language, with
aggravated robbery of officer Nevill and a second person present.
2. Officer Nevill and the other victim both testified they were in fear of being shot. 
Appellant also took the stand and, on cross examination, acknowledged that his actions
threatened and placed both victims in fear of their lives or bodily injury.
3. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).