Thessalonians Langs v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-133-CR

THESSALONIANS LANGS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Thessalonians Langs of burglary of a habitation and retaliation and sentenced him to fifteen years’ and ten years’ confinement respectively in the Institutional Division of the Texas Department of Criminal Justice, the sentences to run concurrently.  Appellant brings a single point on appeal, arguing that his convictions for both burglary and retaliation violated his rights under the double jeopardy clause of both the state and federal constitutions and implicitly arguing that the trial court committed jury charge error.  Because we hold that Appellant failed to preserve his double jeopardy complaint and that the trial court’s error, if any, in charging the jury that it could convict Appellant of both retaliation and burglary with attempted retaliation was harmless, we affirm the trial court’s judgment.

Appellant was charged by indictment with (1) burglary of a habitation with intent to commit retaliation, (2) burglary of a habitation and attempting to commit or the commission of retaliation, (3) retaliation against a prospective witness, and (4) retaliation against a person who has reported a crime.  The application paragraph of the burglary portion of the jury charge instructed the jury to find Appellant guilty of burglary of a habitation if it found that the State had proved either burglary with intent to commit retaliation or burglary with retaliation or attempted retaliation, although the actual jury question allowed the jury to find Appellant guilty of burglary with intent to commit retaliation or burglary with attempted retaliation.  The jury charge also allowed the jury to convict Appellant of retaliation.  We construe Appellant’s issue as presenting two sub-issues—a double jeopardy complaint and a contention that the trial court erred in charging the jury that it could convict Appellant twice of the same offense.

Appellant argues his convictions constituted a violation of the double jeopardy protections of both state and federal constitutions because burglary with intent to commit retaliation and burglary with attempted retaliation are the same offenses as retaliation for double jeopardy purposes.  The State, relying on 
Gonzalez v. State,
(footnote: 2) argues that because Appellant did not object to the jury charge at trial, and because he did not raise the issue in a motion for new trial, he has waived his double jeopardy complaint.  
Gonzalez
 holds that an objection is required to preserve a double jeopardy complaint when the face of the record fails to show a multiple punishments violation.
(footnote: 3)
 The Fifth Amendment guarantee against double jeopardy protects a person from multiple punishments for the same offense.
(footnote: 4)  Article 37.09 of the Texas Code of Criminal Procedure provides:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission;  or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.
(footnote: 5)

Given the indictment in the case before us, to establish burglary under section 30.02 (a)(1) of the Texas Penal Code, the State was required to prove that Appellant, without the effective consent of the owner, entered a habitation with intent to commit the assaultive offense of retaliation.
(footnote: 6)  The State was not required to prove that retaliation occurred.  In contrast, to establish burglary under section 30.02(a)(3), the State was required to show that Appellant, without the effective consent of the owner, entered a habitation and committed  acts constituting an attempt to commit retaliation.
(footnote: 7)
 While attempted retaliation may be used to show intent to commit retaliation, the intent to commit can be established by facts showing something less than the attempted or completed offense.
(footnote: 8)  Because evidence showing attempted retaliation is not part of the facts necessarily legally required to show burglary with intent to commit retaliation, retaliation is not a lesser included offense of burglary under Section 30.02(a)(1).
(footnote: 9)  Consequently, because the jury’s general guilty verdict of burglary could have rested on paragraph one, which alleged burglary with intent to commit retaliation, the record does not necessarily show on its face a multiple punishments violation.  We therefore hold that Appellant failed to preserve his double jeopardy complaint.

Similarly, under 
Almanza v. State,
(footnote: 10) any unobjected-to jury charge error was harmless.
(footnote: 11)  The trial court did not err in permitting the jury to convict of burglary under Section 30.02 (a)(1), entry with intent to commit retaliation, and also of retaliation.  In the jury charge, the trial court properly set out the burden of proof, appropriate definitions, the facts, and the two means of committing burglary and the means of committing retaliation.  The evidence proved the completed offense of retaliation and proved that Appellant committed the retaliation in the course of committing burglary.  The evidence also clearly showed Appellant’s intent at the time of entry was to commit the offense of retaliation.  Consequently, to the extent that the trial court erred in presenting an ambiguity by charging on retaliation and both burglary with intent to commit retaliation and burglary with 
attempted
 retaliation, we cannot say that such harm would rise to the level of egregious harm.
(footnote: 12)  Because the Texas Court of Criminal Appeals has held that the State may convict of both burglary with intent to commit the offense and the completed intended offense,
(footnote: 13) we are compelled to overrule Appellant’s sole point.  We affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 9, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
8 S.W.3d 640 (Tex. Crim. App. 2000).

3:
Id. 
at 645.

4:
Illinois v. Vitale
, 447 U.S. 410, 415, 100 S. Ct. 2260, 2264 (1980); 
Cervantes v. State
, 815 S.W.2d 569, 572 (Tex. Crim. App. 1991).

5:
Tex. Code Crim. Proc. Ann.
 art. 37.09 (Vernon 1981).

6:
See
 
Tex. Penal Code Ann.
 § 30.02(a)(1) (Vernon 2003).

7:
See id.
 § 30.02(a)(3).

8:
See Jacob v. State
, 892 S.W.2d 905, 908-09 (Tex. Crim. App. 1995).

9:
See id.

10:
686 S.W.2d 157 (Tex. Crim. App. 1984).

11:
See
 
Tex. Code Crim. Proc. Ann.
 art. 36.19 (Vernon 1981); 
Brown v. State
, 122 S.W.3d 794, 803 (Tex. Crim. App. 2003) (providing that “
Almanza
 . . . sets out the standard for analyzing harm from a jury charge error in a criminal setting“); 
see also 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

12:
See Almanza
, 686 S.W.2d at 171.

13:
See
,
 e.g.
,
 Rice v. State
, 861 S.W.2d 925, 926 (Tex. Crim. App. 1993)  (upholding conviction for burglary with intent to commit theft even though Rice had already been convicted for the theft).