NO. 07-05-0359-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 20, 2006

_____

GONZALO ROJAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408551; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Gonzalo Rojas was convicted by a jury of burglary of a habitation with intent to commit assault and sentenced to twenty-five years confinement. By two issues, appellant contends (1) the trial court erred in refusing to

instruct the jury with regard to lesser included offenses, and (2) the evidence was factually insufficient to support a finding of guilt. We affirm.

Appellant was involved in an altercation with the complainant, Pedro Arzabala, after learning Pedro was romantically involved with Ester Fuentes, the mother of appellant's two children. The altercation occurred at Pedro's apartment. When appellant arrived at the apartment, Pedro's roommate, Jorge Fuentes, answered the door and informed appellant that Pedro was asleep. However, appellant insisted that Jorge tell Pedro he wanted to see him. Shortly thereafter, Pedro appeared at the door but remained standing inside the apartment. Appellant then confronted him regarding his involvement with Ester. The confrontation escalated and appellant reached into the doorway and grabbed Pedro, apparently damaging his shirt.[1] Jorge stepped between the two men and escorted appellant to the parking lot. The men reported the incident to police, and appellant was arrested and charged with burglary of a habitation with intent to commit assault.

At trial, prior to jury deliberations, appellant objected to the jury charge and requested the inclusion of instructions on the misdemeanor offenses of assault by contact and assault by threat. After a brief recess, the trial court overruled appellant's objections and denied his request for additional instructions. Appellant was subsequently convicted of burglary.

---

[1]The parties dispute whether the shirt was ripped during the struggle or cut with a sharp object.

By his first issue, appellant contends the trial court erred in denying his request to include instructions in the jury charge pertaining to assault by threat and assault by conduct. Appellant contends misdemeanor assault is a lesser-included offense of the burglary as charged. We disagree.

An instruction on a lesser-included offense is only proper when (1) the lesser-included offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Cr.App. 1993); Tex. Code Crim. Proc. Ann. art. 37.09 ( Vernon 1981).

Regarding the first prong, appellant was indicted for burglary of a habitation with intent to commit assault pursuant to section 30.02(a)(1) of the Penal Code. Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003). A person commits the offense if he (1) enters a habitation (2) not open to the public (3) without the owner's consent (4) with intent to commit an assault. *Id.* Under the offense as charged, the State is not required to prove the existence of an actual assault. Jacob v. State, 892 S.W.2d 905, 909 (Tex.Cr.App. 1995). Rather, the State must only show appellant intended to commit an assault. *Id.* Accordingly, assault is not a lesser-included offense of burglary with intent to commit assault because the proof necessary to establish assault is not included within the proof necessary to establish the burglary as charged. Appellant's first issue is overruled.

3

By his second issue, appellant contends the evidence was factually insufficient to sustain his conviction because the evidence that he intentionally entered the apartment was so weak as to render the verdict manifestly unjust. We disagree.

In conducting a factual sufficiency review, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004 ). In our review, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See* Adelman v. State, 828 S.W.2d 418, 421 ( Tex.Cr.App. 1992).

Section 6.03 of the Penal Code provides that a person acts intentionally when "it is his conscious desire to engage in the conduct or cause the result." Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003). Here, appellant does not dispute the fact that he entered the apartment. In fact, all three witnesses, including appellant, testified that when the confrontation escalated, appellant reached into the doorway of the apartment and grabbed Pedro by the shirt. In reviewing the record, we find no evidence suggesting appellant did not intend to reach through the doorway and assault Pedro. Furthermore, the jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony. Sharp v. State,

707 S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.Cr.App. 1997).

Viewing the evidence in a neutral light, we conclude the evidence is not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so against the overwhelming weight of the evidence as to be clearly wrong and unjust. We find the evidence is factually sufficient to support appellant's conviction. His second issue is overruled.

Accordingly, the trial court's judgment is affirmed.


Don H. Reavis
Justice

Do not publish.

5