COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





GARRY WAYNE DONOHOE,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00105-CR

Appeal from the

112th Judicial District Court

of Crockett County, Texas 

(TC# 2213) 





O P I N I O N

            Garry Wayne Donohoe appeals his conviction for misdemeanor deadly conduct. In one
issue, he argues the trial court did not have jurisdiction to convict him of misdemeanor deadly
conduct because that offense is not a lesser included offense of felony deadly conduct. We
affirm.
            Allen Stieler leased ranching rights at Austin Millspaugh Ranch in Crockett County,
Texas. Mr. Stieler subleased to Steve Price for hunting, and Mr. Price would himself sublease to
hunters including Appellant. Appellant was on the ranch hunting on the afternoon of November
22, 2002. Mr. Stieler was there at the same time checking the water facilities and minerals for
the livestock. While driving on the ranch, Mr. Stieler stopped near Appellant’s deer feeder. 
Appellant saw Mr. Stieler’s truck and fired two gunshots.
            Afterwards, Mr. Stieler called the sheriff’s department and also met with Game Warden
Don Jackson. He gave a written statement about the incident to Game Warden Mark Blount. 
Mr. Stieler indicated that he wanted to press charges, and a warrant was issued for Appellant’s
arrest. Wardens Blount and Jackson then went to the hunting camp and arrested Appellant.
            Appellant was indicted on the charge of felony deadly conduct. Appellant waived his
right to trial by jury and upon conclusion of a bench trial, the trial court found him guilty of
misdemeanor deadly conduct. The trial court sentenced Appellant to six months confinement in
the Crockett County Jail, probated for one year, and assessed a fine of $500. Appellant timely
filed his notice of appeal and the trial court certified his right of appeal.
            In his sole issue, Appellant argues, in relevant part, that the proof required to establish the
lesser offense of misdemeanor deadly conduct is not included in the proof required to establish
the greater offense of felony deadly conduct. Specifically, Appellant claims that to prove
misdemeanor deadly conduct, the State would have to prove recklessness, imminent danger, and
potential serious bodily injury, neither of which is required to prove felony deadly conduct. We
must disagree.
            In a bench trial, as here, the trial court is authorized to find the defendant guilty of any
lesser-included offense for which the State provides the required proof. See Shute v. State, 877
S.W.2d 314, 315 (Tex.Crim.App. 1994). Whether one offense is a lesser-included offense of
another is determined on a case-by-case basis. Jacob v. State, 892 S.W.2d 905, 907
(Tex.Crim.App. 1995). Misdemeanor deadly conduct is a lesser-included offense of felony
deadly conduct if: (1) it is established by proof of the same facts, or less than the same facts,
than is required to establish the commission of the charged offense; (2) it differs from the
charged offense only in the respect that a less serious injury or risk of injury suffices to establish
its commission; (3) it differs from the charged offense only in the respect that a less culpable
mental state is required; or (4) it consists of an attempt to commit the charged offense or an
otherwise included offense. See Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 2006);
Hayward v. State, 158 S.W.3d 476, 478 (Tex.Crim.App. 2005); Heiringhoff v. State, 130 S.W.3d
117, 126-27 (Tex.App.--El Paso 2003, pet. ref’d).
            In this case, misdemeanor deadly conduct is a lesser-included offense of felony deadly
conduct if it is established by proof of the same facts, or less than the same facts, than is required
to establish the commission of the charged offense. See Tex.Code Crim.Proc.Ann.
art. 37.09(1). We employ a three-step analysis in examining whether an asserted lesser-included
offense is established by the same or less proof than the facts required to establish the
commission of the offense charged. Heiringhoff, 130 S.W.3d at 127, citing Jacob, 892 S.W.2d at
907-08. First, we examine the elements of the charged offense as they appear in the indictment,
with special attention to the facts required to prove the charged offense. Jacob, 892 S.W.2d at
907-08. “Facts required” means the evidence legally required to prove the elements of the
charged offense. Id. at 908. Second, we examine the statutory elements of the offense sought as
a lesser-included offense. Id. at 907. Lastly, we must examine the proof presented at trial to
show the elements of the charged offense. Id. at 907-08. “If the facts required to prove the
elements of the lesser-included offense are not functionally the same or less than the charged
offense, it is not a lesser-included offense even if the facts presented at trial could prove the
lesser-included offense.” Heiringhoff, 130 S.W.3d at 127, quoting Noyola v. State, 25 S.W.3d
18, 21 (Tex.App.--El Paso 1999, no pet.).
            Here, Appellant was charged with the offense of felony deadly conduct. The offense of
felony deadly conduct is committed when a person knowingly discharges a firearm at or in the
direction of one or more individuals. See Tex.Pen.Code Ann. § 22.05(b)(Vernon 2003). On the
other hand, a person commits the offense of misdemeanor deadly conduct if he recklessly
engages in conduct that places another in imminent danger of serious bodily harm. See
Tex.Pen.Code Ann. § 22.05(a). The applicable portion of the indictment alleged Appellant “did
then and there knowingly discharge a firearm at or in the direction of an individual, namely,
Allen Stieler.” The facts required to establish the offense as charged are that Appellant,
knowingly, discharged a firearm, at an individual. Misdemeanor deadly conduct would require
proof that Appellant recklessly, engaged in conduct, which placed another in imminent danger of
serious bodily injury. See Tex.Pen.Code Ann. § 22.05(a).
            Article 37.09 defines lesser-included offenses in relation to the offense charged and an
accused cannot be convicted of an offense not subsumed in the offense charged even if it is
proved by the evidence presented at trial. See Jacob, 892 S.W.2d at 908. To prove the indicted
charge, the State was required to prove Appellant acted knowingly. See Tex.Pen.Code Ann.
§ 22.05(b). Proof of the higher culpable mental state of knowledge would necessarily establish
the lower culpable mental state of recklessness. Bell v. State, 693 S.W.2d 434, 438
(Tex.Crim.App. 1985). In addition, the State was required to prove Appellant discharged a
firearm at or in the direction of Mr. Stieler. See Tex.Pen.Code Ann. § 22.05(b). Proving
Appellant discharged a firearm at or in the direction of another would include proof that
Appellant engaged in conduct which placed another in imminent danger of serious bodily injury. 
See Guzman v. State, 188 S.W.3d 185, 189 (Tex.Crim.App. 2006).
            At trial, Mr. Stieler testified that on the day in question, he was on his ranch checking the
water and minerals for the livestock. At one point, Mr. Stieler heard what sounded like a
gunshot. He saw dust “[go] up” and heard the bullet ricochet approximately three times in the
rocks on the side of a hill. Shortly after, he heard another gunshot and saw the dust fly up
approximately twenty-five to thirty yards behind him. Mr. Stieler left the area and drove to a
camp house located on the property. Mr. Stieler testified that he confronted Appellant and asked
him “‘[w]ere you the guy that just shot at me a minute ago?’” According to Mr. Stieler’s
testimony, Appellant first answered “‘Yes’” but then stated “‘[n]o, I was just shooting your [sic]
direction, let you know somebody was over there hunting.’”
            After the discussion with Appellant, Mr. Stieler asked for Appellant’s driver’s license and
he wrote down Appellant’s name and address. Mr. Stieler stated that as he was writing down
Appellant’s information, Appellant began to use profanity. Mr. Stieler also testified that after he
wrote down Appellant’s information, he told Appellant that he should not shoot at anyone. 
According to Mr. Stieler, Appellant replied that “‘[i]f I’d have been shooting at you, I could have
shot your head off any time and it would have popped like a watermelon in that pickup.’” 
Mr. Stieler then called the sheriff’s department and ultimately met with a game warden to give a
statement about the incident.
            Appellant testified in his own defense. Appellant stated that while in his deer blind, he
noticed a white pick-up truck in front of his deer feeder. Appellant testified that he thought
someone was trying to poach a deer from the lease, so he fired a shot into the canyon wall
“thinking that if they were going to poach, they heard the shot, and said, you know, someone’s in
that stand, I better leave.” Appellant admitted that when the truck did not move, he fired a
second shot “into the shelf on the canyon wall.” Appellant also admitted that he was “kind of
frustrated that my hunt was ruined.”
            According to Appellant, when he later met up with Mr. Stieler, he asked him “what the
hell he thought he was doing pulling down and stopping at my feeder and running everything off
during prime hunting time.” According to Appellant, he informed Mr. Steiler that he fired two
shots into the canyon wall “to let you know that I’m up here trying to hunt and to let you know
that you ruined my hunt.” Appellant also stated that if he had been shooting at Mr. Stieler, he
could have at least hit the truck Mr. Stieler was driving.



            After reviewing the elements of felony deadly conduct as charged, the statutory elements
of misdemeanor deadly conduct, and the proof presented at trial, we conclude that the trial judge
committed no error in finding that misdemeanor deadly conduct was a lesser-included offense of
felony deadly conduct as charged in this case. Jacob, 892 S.W.2d at 907-08. Accordingly, we
hold that the trial court did have jurisdiction to find Appellant guilty of misdemeanor deadly
conduct. Appellant’s sole issue is overruled.
            We affirm the trial court’s judgment.



February 15, 2007
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)