

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0519-07

---

### ANTHONY WASYLINA, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### ANDERSON  COUNTY

---

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, HOLCOMB, and COCHRAN, JJ., joined.  PRICE, J., filed a concurring opinion. JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.  MEYERS, J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.

The court of appeals held that the evidence was legally insufficient to support appellant's conviction for criminally negligent homicide because the evidence showed only that appellant acted recklessly.  We hold that proving the greater culpable mental state of recklessness necessarily proves the lesser culpable mental state of criminal negligence, and we therefore reverse the judgment of the court of appeals.

## I. BACKGROUND

Appellant was indicted for the offense of manslaughter. He pleaded "not guilty," and the case was tried to a jury. Over his objection, the trial judge submitted the lesser-included offense of criminally negligent homicide in the jury charge. The jury convicted appellant of criminally negligent homicide.

On appeal, appellant contended that the trial judge erred in submitting the lesser-included offense of criminally negligent homicide because there was no evidence that he acted with criminal negligence. The court of appeals agreed, holding that "there is no evidence of record that would permit a rational jury to find that Appellant is guilty of criminally negligent homicide, but not guilty of manslaughter."[1] Instead of reversing and remanding the case for a new trial on the basis of jury charge error, however, the court of appeals rendered a judgment of acquittal.[2] Though the court acknowledged that "the test for giving an instruction on a lesser included offense is different from the test for legal sufficiency of the evidence to support a conviction,"[3] the court of appeals nevertheless found that the evidence was legally insufficient to show that appellant acted with criminal negligence because "the record does not reveal any evidence that Appellant failed to perceive the risk" of death.[4]

## II. ANALYSIS

In *Hampton v. State*, we explained that the test for determining whether evidence is legally

---

[1] *Wasylina v. State*, 2007 Tex. App. LEXIS 1705, 8-14 (Tyler, March 7).

[2] *Id.* at 21.

[3] *Id.* at 18.

[4] *Id.* at 20, 20 n.8.

sufficient and the test for determining whether to submit a lesser-included-offense jury instruction are "quite different."[5] The evidence could easily be legally sufficient to support a conviction for a lesser-included offense but not justify the submission of a lesser-included-offense instruction because the evidence does not show that the defendant is guilty *only* of the lesser-included offense.[6] The *Hampton* case provides an excellent illustration: The defendant in that case was charged with aggravated sexual assault, with the aggravating element being the use of a deadly weapon.[7] The defendant was not entitled to an instruction on the lesser-included offense of sexual assault because all the evidence showed that a deadly weapon was used during the encounter, so the defendant could not be guilty *only* of sexual assault.[8] But the evidence was legally sufficient to convict him of sexual assault.[9] Indeed, it would have to be, since the State's proof of an aggravated sexual assault necessarily included proof of a sexual assault.

An offense is denominated as "lesser-included" precisely because proof of the lesser offense is "included" in the offense described in the charging instrument. If the State proves the charged offense, it necessarily proves all lesser-included offenses. That is why the submission of a lesser-included offense does not violate the defendant's constitutional due-process right to notice of the crime of which he is accused.[10]

---

[5]  165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

[6]  *Id.*

[7]  *Hampton v. State*, 109 S.W.3d 437, 438 (Tex. Crim. App. 2003).

[8]  *Id.* at 441.

[9]  *Hampton*, 165 S.W.3d at 694.

[10]  *Jacob v. State*, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995).

The Legislature has specifically designated an offense as "lesser included" if "it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission."[11] Furthermore, the Legislature has also prescribed that "[p]roof of a higher degree of culpability than that charged constitutes proof of the culpability charged."[12] Consistent with these statutes, we have held that criminally negligent homicide is a lesser-included offense of manslaughter.[13] The court of appeals erred in holding that the State failed to prove criminal negligence because it proved only recklessness.[14]

The judgment of the court of appeals is reversed, and the case is remanded for that court to address appellant's claim in light of our opinion.

Delivered: January 28, 2009
Publish

---

[11] TEX. CODE CRIM. PROC. art. 37.09(3); *see also* TEX. PENAL CODE §6.02(d)(classifying culpable mental states from highest to lowest).

[12] TEX. PENAL CODE §6.02(e).

[13] *Saunders v. State*, 913 S.W.2d 564 (Tex. Crim. App. 1995).

[14] We express no opinion on whether the evidence was legally sufficient to show manslaughter or its constituent culpable mental state of recklessness. We simply hold that the court of appeals erred in concluding that proof of recklessness (and thus manslaughter) would not be sufficient to embrace proof of criminal negligence (and thus criminally negligent homicide).