# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00042-CR

**Cleveland Clark, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. D-1-DC-09-207364, HONORABLE DAVID CRAIN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Cleveland Clark guilty of aggravated robbery. *See* Tex. Penal Code § 29.03. After finding that Clark had previously been convicted of another felony, the jury assessed punishment at eighty years' imprisonment. *See id.* § 12.42(c)(1). On appeal, Clark asserts that the trial court erred in failing to instruct the jury on the lesser-included offense of theft. We affirm the judgment of the trial court.

## BACKGROUND

Angelique Castillo, the complaining witness in this case, was the manager of an EZ LOAN$ office in Austin.[1] On the evening of the alleged robbery, Castillo was alone in the office and had locked the front door while she worked in the back room. She heard a woman—later

---

[1] According to Castillo, EZ LOAN$ provides various short-term loans, including "payday loans, title loans, [and] installment loans."

identified as Clark's accomplice—knock on the front door and inquire about a loan. Castillo unlocked the door, let the woman in, and proceeded to walk behind the counter to retrieve various loan documents. As Castillo was walking to the counter, Clark entered the office, followed Castillo behind the counter, and then told Castillo that she was being robbed and that she was "not to press any panic button." Clark's accomplice left the office, and no one else came in during the course of the robbery.

Castillo testified that she was "scared" and "nervous" and that she followed Clark's commands because she "didn't want to be harmed." Clark instructed Castillo to give him all of the cash in the register. Castillo explained that she was initially hesitant to give Clark all of the cash in the register because once the last bill is removed, a silent alarm is triggered, and Castillo was afraid that if Clark knew about this silent alarm "he would get upset, [and] you know, harm me or something." However, Clark reached in and took the remaining cash from the register, thereby unknowingly triggering the silent alarm.

Clark then told Castillo to open the safe, but Castillo informed him that there was a ten minute delay between when she entered the code and when the safe could actually be opened. Clark waited for the delay to pass, making casual conversation with Castillo and answering phone calls on his cell phone. Castillo testified that Clark was polite and "didn't threaten me," but she observed that Clark always kept one hand in his pocket.

While Castillo and Clark were waiting, Castillo answered an incoming call on the office's phone line. The call was from the security company who was responding to the silent alarm, but Castillo pretended that the caller was a customer so as not to alert Clark. Clark left before the

2

safe opened, and Castillo immediately locked the door, turned off the lights, and called her boss to let her know what happened.

Police officers responding to the silent alarm arrived just as Clark was leaving the office. They quickly apprehended Clark as he fled through a nearby parking lot. The officers recovered the stolen money from Clark's pocket, as well as a loaded pistol and his cell phone. Subsequent analysis of Clark's phone records and DNA tied Clark to four other unsolved robberies in the Austin area.

Clark was indicted for aggravated robbery with an enhancement paragraph alleging that he had previously been convicted for felony aggravated robbery in 1988. *See id.* §§ 12.42(c)(1) (enhancing punishment for first-degree felony if accused has been finally convicted of non-state-jail felony), 29.03(b) (classifying aggravated robbery as first-degree felony). At trial, Castillo and the arresting officers testified about the events outlined above. Clark requested, against the State's objection, a lesser-included-offense instruction for misdemeanor theft. *See id.* § 31.03 (defining theft). The trial court denied the request, the jury found Clark guilty of aggravated robbery, and the jury found the enhancement allegation to be true. Following a punishment hearing in which the State introduced extraneous-offense evidence about the other four robberies, the jury assessed punishment as outlined above. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Clark asserts that the trial court erred in denying his request for a lesser-included-offense instruction. Specifically, Clark contends that because Castillo testified that Clark did not threaten her during the course of the robbery, the jury could have

3

reasonably concluded that the evidence failed to establish that Clark intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death. *See id.* § 29.03(a)(2). Therefore, according to Clark, the jury could have reasonably concluded that Clark was guilty only of theft, but not robbery.

We review a trial court's ruling on a request for a lesser-included-offense instruction for an abuse of discretion. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). To show that he was entitled to a lesser-included-offense instruction, Clark must satisfy the two-prong *Aguilar/Rousseau* test. *See Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005); *see also Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985). The first prong "requires the court to determine whether the lesser offense actually is a lesser-included offense of the offense charged." *Hall*, 158 S.W.3d at 473 (internal citations omitted); *see also* Tex. Code Crim. Proc. art. 37.09(1) ("An offense is a lesser-included offense if . . . it is established by proof of the same or less than all the fact required to establish the commission of the offense charged . . . ."). The second prong "asks whether the record contains some evidence that would permit a rational jury to find that the defendant is guilty *only* of the lesser-included offense." *Hall*, 158 S.W.3d at 473 (internal citations omitted).

In this case, the first prong of the *Aguilar/Rousseau* test is satisfied because theft is a lesser-included offense of aggravated robbery as charged. *See* Tex. Code Crim. Proc. art. 37.09(1). As charged in this case, a person is guilty of aggravated robbery if he "commits robbery" and, during the commission of the offense, "uses or exhibits a deadly weapon." *See* Tex. Penal Code § 29.03(a)(2). A person commits robbery if "in the course of committing a theft" and "with intent

4

to obtain or maintain control of the property," he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." *See id.* § 29.02(a)(2). A person commits theft if he "unlawfully appropriates property with the intent to deprive the owner of the property." *See id.* § 31.03(a). Robbery includes all of the elements necessary to prove theft, plus the additional element of threatening or placing another in fear of imminent bodily injury. Therefore, theft can be a lesser-included offense of robbery, and by extension aggravated robbery, because theft can be proven by less than all of the facts required to prove robbery. *See* Tex. Code Crim. Proc. art. 37.09(1); *see also Jacob v. State*, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995) (noting that theft can be lesser-included offense of aggravated robbery).

Under the second prong of the *Aguilar/Rousseau* test, Clark must show that there is "more than a scintilla of evidence" that would support a jury's reasonably convicting him of theft but not aggravated robbery. *See Goad v. State*, 354 S.W.3d 443, 446–47 (Tex. Crim. App. 2011) (quoting *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)). In making this determination, we may not consider the "credibility of the evidence and whether it conflicts with other evidence or is controverted." *Young v. State*, 283 S.W.3d 854, 875–76 (Tex. Crim. App. 2009). However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider . . . ." *Bignall*, 887 S.W.2d at 24.

To convict Clark of theft but not robbery, the jury would have to conclude that Clark unlawfully appropriated property, but that the evidence was insufficient to prove that Clark intentionally or knowingly "threatened or placed [Castillo] in fear of imminent bodily injury or death." *See* Tex. Penal Code § 29.02(a)(2). The court of criminal appeals recently addressed the

5

distinction between when a robber *threatens* a victim with serious bodily injury versus when a robber *places the victim in fear* of imminent bodily injury. *See Boston v. State*, __ S.W.3d __, 2013 WL 5538888, at *2–5 (Tex. Crim. App. Oct. 9, 2013). As the court explained:

> [R]obbery-by-placing-in-fear does not require that a defendant know that he actually places someone in fear, or know whom he actually places in fear. Rather it requires that the defendant is aware that his conduct is reasonably certain to place someone in fear, and that someone actually is placed in fear.
>
> . . . .
>
> [O]ne can threaten without *necessarily* placing another in fear of imminent bodily injury. A logical inference from this is that threatening, as used in the Penal Code, does not require that the intended victim perceive or receive the threat, but placing another in fear of imminent bodily injury does.

*Id.* at *4 (internal quotations omitted). Although these categories often overlap, in order to support a robbery conviction, the State can prove either that the defendant threatened the victim or that the defendant placed the victim in fear of bodily injury. *Id.*

In this case, Castillo testified that Clark walked around the office counter, instructed Castillo not to press any alarms, and told her that he was robbing her. Castillo stated she followed Clark's instructions because she did not want to be harmed. She also testified that she was "scared" and "nervous" and was afraid that if she triggered the silent alarm in the safe, Clark would "harm me." Castillo's conduct and subjective feelings necessarily indicate that she was actually placed in fear of bodily injury, despite the fact that she testified that Clark did not directly threaten her. There is no evidence that contradicts this explanation of the events.

6

Based on this record, the jury could not reasonably have concluded that (1) Clark was not aware that his conduct was reasonably certain to place Castillo in fear of imminent bodily injury or (2) that Castillo was not actually placed in fear of imminent bodily injury. *See id.* Therefore, we conclude that there is not a scintilla of evidence that would support the jury's convicting Clark of theft but acquitting him of robbery. Thus, the trial court did not abuse its discretion in denying Clark's request for a lesser-included-offense instruction for theft. We overrule Clark's sole issue on appeal.

## CONCLUSION

Having overruled Clark's only appellate issue, we affirm the judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Puryear and Field

Affirmed

Filed: November 27, 2013

Do Not Publish