# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00758-CR

**Isidro Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT NO. 54,503, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted Isidro Hernandez of two counts of aggravated sexual assault of a child and two counts of sexual assault of a child. Tex. Pen. Code Ann. §§ 22.011, .021 (West Supp. 2004). The jury sentenced him to life imprisonment and a fine of $10,000 for each of the counts of aggravated sexual assault and twenty years' imprisonment and a fine of $10,000 for the sexual assault counts. Hernandez challenges both his conviction and sentence. He contends that the trial court erred by admitting evidence of a co-defendant's guilty plea and sentence, that an instruction to the jury was an improper comment on the weight of the evidence, that records of a prior conviction for sexual assault of a child were erroneously admitted at the punishment phase, and that the trial court improperly cumulated his sentences. We affirm the convictions but remand for resentencing because the State failed to prove that Hernandez was the person named in the records of the prior sexual assault conviction introduced at punishment.

## FACTUAL AND PROCEDURAL BACKGROUND

Hernandez was tried in December 2003 for the sexual assault of L.J., the daughter of his girlfriend Letha Howell. He began living with Howell and her children in 1993. At that time, L.J. was nine years old. Hernandez admitted in a written statement given to the police and in his testimony at trial that he had sex with L.J. while she was a minor. DNA testing revealed that Hernandez was the father of L.J.'s two children, born when L.J. was 15 and 16 years old. The primary issue at trial was the frequency of Hernandez's abuse of L.J. and when the abuse began. This dispute controlled whether Hernandez's conduct represented sexual assault or aggravated sexual assault. *Compare* Tex. Pen. Code Ann. 22.011(c)(1) *with* Tex. Pen. Code Ann. 22.021(a)(2)(B).

L.J. first reported Hernandez's abuse when she fled her home at age 17 and went to the Families in Crisis shelter. Bell County Sheriff's Department investigator Bubba Moffet interviewed her and then spoke with Hernandez. Hernandez gave Moffet a written statement in which he admitted having sex with L.J. only two times "about four years ago." L.J. testified about Hernandez's extensive abuse. She testified that soon after Hernandez moved in with the family, he began touching her breasts and vagina. L.J. stated that, at age 12, her mother told her that she was going to let Hernandez have sex with her. She said that she initially resisted Hernandez's attempts to have intercourse, but eventually she tired of fighting and "just let it happen." She reported that she was 13 years old when she first had sexual intercourse with Hernandez and that they had sex over two dozen times that year. The abuse continued through the years until she left home at age 17. Hernandez testified in his own defense and gave a somewhat different account of his abuse of L.J.

2

Hernandez denied molesting L.J. from the age of 9 until 14, but admitted sexually assaulting L.J. several times when she was between the ages of 14 and 17.

The jury convicted Hernandez of two counts of aggravated sexual assault and two counts sexual assault. At the punishment phase of the trial, the State introduced records from Hernandez's California conviction for sexual assault of a child over the objection of the defense. L.J. testified to the negative effects of the abuse on her life. Howell's other daughter Olita Foster testified that Hernandez is manipulative and that she did not believe that Hernandez could ever be trusted out in the community or with another child. The jury returned the maximum sentence on all counts.

## DISCUSSION

In his first two issues, Hernandez challenges his conviction contending that the trial court improperly admitted evidence that Howell pleaded guilty to abusing L.J. and was sentenced to twenty years' imprisonment. He challenges a section of the jury charge as an improper judicial comment on the evidence in his third issue. In his fourth and fifth issues Hernandez challenges the admission of records of his prior conviction for sexual assault of a child contending that he was not given proper notice and that the State failed to prove that he was the person named in those records. In his sixth issue Hernandez contends that the trial court improperly cumulated his sentences.

### Howell's Guilty Plea and Sentence

Hernandez complains in his first and second issues that the trial court erred by allowing the introduction of evidence that his co-defendant Howell pleaded guilty to abusing L.J.

3

and was sentenced to twenty years' imprisonment. The state introduced this evidence first through

a letter written by Hernandez to L.J. from jail while he was awaiting trial. The letter was a plea to

L.J. to change her story regarding the sexual abuse for her mother's sake. It detailed a list of physical

and emotional problems that Howell was suffering, and stated that Howell had been sentenced to

twenty years in prison, that she would have to serve at least ten before she was released on parole,

and that she would then have to register as a sex offender. Hernandez then asked L.J. to change her

story:

> All you have to do is talk to my attorney and tell him all this was a big mistake. Tell him that you filed charges on us, so we couldn't take the babies away from you. Tell him that I was fixing to file charges on you for leaving the babies behind with us all the time. So you just decided to file first. Just tell him none of this is true. Tell him that you'r[e] still in love with me. Tell him we talked marriage at one time for the kids sake, that way they could have the same last name, but I changed my mind, and that pissed you off too. Tell him yes, we tried a few times to have sex, but I was too drunk to perform. Tell him that you wanted me, but I just didn't have the go for it. This is not l[y]ing, just bending the truth a little bit.

The State asked L.J. about the letter and confirmed that Howell pleaded guilty to aggravated sexual

assault by letting Hernandez have sex with L.J. when she was thirteen years old. The State also

confirmed with L.J. that Howell received a twenty-year sentence. Hernandez first objected to the

introduction of the letter and again objected to the line of questioning highlighting Howell's guilty

plea and sentence.

The State later sought to cross examine Hernandez on the issue of Howell's guilty

plea. The matter was discussed outside of the presence of the jury and the trial court sustained

Hernandez's objection to the line of questioning. During the State's cross examination, however,

4

the State asked about Howell's twenty-year sentence. Hernandez denied that Howell was guilty of sexual assault, and the State responded by asking if it would surprise him that Howell pleaded guilty to the offense. The trial court overruled Hernandez's objection to this question.

Generally, evidence of a non-testifying co-defendant's guilty plea and sentence is inadmissible. *See Miller v. State*, 741 S.W.2d 382, 389 (Tex. Crim. App. 1987); *Rodriguez v. State*, 552 S.W.2d 451, 454-55 (Tex. Crim. App. 1977); *Torres v. State*, 92 S.W.3d 911, 918 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *Morales v. State*, 11 S.W.3d 460, 465-66 (Tex. App.—El Paso 2000, pet. ref'd); *Beasley v. State*, 838 S.W.2d 695, 703 (Tex. App.—Dallas 1992, pet. ref'd) ("Ordinarily, the disposition of a case against codefendants never becomes admissible in the trial of another codefendant.").

*The letter*

The first introduction of the disposition of the State's aggravated sexual assault case against Howell came through the introduction of Hernandez's letter to L.J. Although segments of the letter were admissible, the introduction of its entire contents was error.

The State presented this letter as evidence of Hernandez's consciousness of guilt. The efforts of an accused to persuade a witness to testify falsely are admissible as proof of his consciousness of guilt. *Hayward v. State*, 117 S.W.3d 5, 10 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Torres v. State*, 794 S.W.2d 596, 598-99 (Tex. App.—Austin 1990, no pet.). The portion of the letter in which Hernandez asks L.J. to "bend the truth" was unquestionably evidence of his consciousness of guilt and therefore admissible.

5

The letter also contained the inadmissible fact that Howell had been convicted and received a twenty-year sentence. *See Miller*, 741 S.W.2d at 389. When a document contains both admissible and inadmissible statements, it is incumbent upon the proponent of the evidence to segregate the admissible from the excludable. *Willover v. State*, 70 S.W.3d 841, 847 (Tex. Crim. App. 2002); *Jones v. State*, 843 S.W.2d 487, 492-93 (Tex. Crim. App. 1992), *overruled on other grounds by Maxwell v. State*, 48 S.W.3d 196 (Tex. Crim. App. 2001).

At trial, the State resisted redacting the letter arguing that the information about Howell's sentence was necessary for the jury to understand how Hernandez was trying to influence L.J. The State also contended that Hernandez had opened the door to the information when he asked investigator Moffet on cross examination if a warrant had been issued for Howell. After reviewing the letter in its entirety, we do not agree that the small portion of the letter referring to Howell's sentence and parole eligibility was necessary for the letter to demonstrate consciousness of guilt. It is the fact that Hernandez sought to have L.J. testify falsely, not the manner in which he did so, that is relevant to his consciousness of guilt. *See Torres*, 794 S.W.2d at 598-99. Furthermore, the letter contained numerous statements about Howell's poor emotional and physical health that could have provided context without admitting the prejudicial information regarding Howell's sentence.

The question asked to investigator Moffet about whether an arrest warrant was issued for Howell also did not open the door to the admission of Howell's conviction and sentence. The State may offer otherwise inadmissible evidence to "complete the picture" when a defendant has presented an incomplete picture of an incident. *Fuentes v. State*, 991 S.W.2d 267, 279 (Tex. Crim. App. 1999). The admission of otherwise inadmissible evidence is limited, however, to evidence

6

germane to the subject opened by the defendant and by rule of evidence 403's requirement that its probative value not be substantially outweighed by its prejudicial effect. *Id.* Although the State would have been entitled to complete the picture by eliciting evidence that Howell was also charged with aggravated sexual assault, her conviction and sentence were beyond the scope of the original questioning. We therefore hold that the trial court erred by admitting Hernandez's unredacted letter containing the statement that Howell had been convicted and sentenced to twenty years' imprisonment.

*Other mentions of Howell's guilty plea*

The State again elicited the fact that Howell pleaded guilty to aggravated sexual assault and was sentenced to twenty years in its direct examination of L.J. Hernandez objected to this line of questioning citing the prior discussion of the admissibility of Howell's guilty plea. The State offered no specific explanation for why this information was admissible. The trial court first instructed counsel to "move on." Upon request, the trial court overruled Hernandez's objection. As explained above, the information regarding Howell's guilty plea was inadmissible and the trial court erred by overruling Hernandez's objection. *See Miller*, 741 S.W.2d at 389.

The State also introduced Howell's guilty plea in its cross examination of Hernandez. Over Hernandez's objection, the state asked Hernandez if he wanted L.J. to "feel sorry for her mother that she's doing 20 years for a sexual offense." When Hernandez responded that Howell was innocent, the State asked if it would surprise Hernandez that Howell had pleaded guilty. The trial court again overruled Hernandez's objection to this line of questioning.

7

The State contends that this second mention of Howell's conviction and guilty plea was proper because the State was entitled to challenge the credibility of Hernandez's claim that Howell was not guilty. A party is permitted to question a witness on collateral matters in order to impeach the witnesses's credibility by contradicting the substance of his testimony. *See* Tex. R. Evid. 607; *Cantu v. State*, 939 S.W.2d 627, 635 (Tex. Crim. App. 1997).

In this case, however, the State elicited Hernandez's response that Howell was not guilty through an improper question about Howell's twenty-year sentence. A witness may not be impeached through cross-examination on a collateral matter raised by that cross-examination. *See Shipman v. State*, 604 S.W.2d 182, 183-84 (Tex. Crim. App. 1980). We therefore determine that the trial court erred by overruling Hernandez's objection to this line of cross examination.

*Harm*

Error in the admission of evidence is subject to a harm analysis under rule 44.2(b) of the rules of appellate procedure. See *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). A violation of the evidentiary rules that results in the erroneous admission of evidence is nonconstitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Tate v. State*, 988 S.W.2d 887, 890 (Tex. App.—Austin 1999, pet. ref'd). Any nonconstitutional error "that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King*, 953 S.W.2d at 271. A criminal conviction should not be overturned for nonconstitutional error if the appellate court, after examining the record as a whole, has fair

8

assurance that the error did not influence the jury, or had but slight effect. *See Johnson*, 967 S.W.2d at 417.

The prejudicial impact of the improper admission of Howell's guilty plea and sentence was that the jury could infer that, because Howell pleaded guilty, Hernandez must also be guilty. Hernandez admitted sexually assaulting L.J. at trial, however. The only dispute was when the abuse began. The State did not elicit details in Howell's judicial confession or other information that directly contradicted Hernandez's testimony. Because Hernandez admitted abusing L.J., we cannot conclude that the improper admission of Howell's guilty plea and sentence affected Hernandez's substantial rights. *See* Tex. R. App. P. 44.2(b); *Johnson*, 967 S.W.2d at 417.

**Charge Error**

In his third issue, Hernandez contends that the jury charge was an improper judicial comment on the evidence. Prior to the reading of the charge to the jury, Hernandez objected to a paragraph instructing the jury:

> A conviction of Aggravated Sexual Assault of a Child is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 18 years of age at the time of the alleged offense.

Hernandez objected to the charge because it was "completely irrelevant" to the case. By its language, the instruction did not apply to L.J. as she was under the age of eighteen at the time of the offense.

9

Furthermore, the language of this instruction was taken from article 38.07 of the code of criminal procedure. Article 38.07 is a rule governing a court's review of the sufficiency of the evidence to support a conviction, rather than a rule concerning the competency or admissibility of evidence. *Carmell v. Texas*, 529 U.S. 513, 518 n.2 (2000); *see* Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 2004). Article 38.07 is inapplicable and a jury instruction is unnecessary when the victim's testimony is corroborated or the victim was under the age of eighteen at the time of the offense. *See Golden v. State*, 762 S.W.2d 630, 632 (Tex. App.—Texarkana 1988, pet. ref'd); *Willmeth v. State*, 629 S.W.2d 218, 219-20 (Tex. App.—Dallas 1982, pet. ref'd); *Gray v. State*, 726 S.W.2d 640, 644 (Tex. App.—Fort Worth 1987, no pet.).

*Improper comment on the evidence*

The Waco court of appeals has found a similar instruction to be an improper comment on the weight of the evidence. *See Loredo v. State*, 32 S.W.3d 348, 353 (Tex. App.—Waco 2000, pet. ref'd); *Veteto v. State*, 8 S.W.3d 805, 816 (Tex. App.—Waco 2000, no pet.). In *Veteto*, the jury was instructed that the eleven-year-old victim's testimony "alone, if believed by you beyond a reasonable doubt, need not be supported by other evidence before a finding of guilt can be returned." 8 S.W.3d at 816. The court explained that this charge was an improper judicial comment on the evidence because it singled out the victim's testimony as sufficient to sustain a conviction. *See id*. (citing *Lemasters v. State*, 297 S.W.2d 170, 171 (Tex. Crim. App. 1956)).

As in *Veteto*, the objected to instruction in this case improperly singled out the victim's testimony and informed the jury that it did not need to be corroborated. We agree that this

10

was a judicial comment on the weight of the evidence and it was error to so charge the jury. *See Loredo*, 32 S.W.3d at 353; *Veteto*, 8 S.W.3d at 816; *Lemasters*, 297 S.W.2d at 171.

*Harm*

Because Hernandez objected to the erroneous portion of the jury charge, we will reverse the conviction if the error was calculated to injure the rights of defendant, "which means no more than that there must be some harm to the accused from the error." *Brown v. State*, 122 S.W.3d 794, 803 (Tex. Crim. App. 2003); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The instruction in this case informed the jury that they were permitted to convict Hernandez based on the uncorroborated testimony of L.J. alone. This was a comment on the weight of the evidence because it singled out a victim's uncorroborated testimony. Had the prosecution rested its case solely upon L.J.'s testimony that Hernandez had abused her, the instruction would clearly have created some harm because it would have singled out L.J.'s uncorroborated testimony as sufficient to convict. *See Veteto*, 8 S.W.3d at 808-09 (child victim's uncorroborated testimony only evidence of abuse).

Here, L.J.'s testimony was corroborated by Hernandez's admissions of guilt and DNA testing revealing that Hernandez is the father of L.J.'s two children. *See Zule v. State*, 802 S.W.2d 28, 32-33 (Tex. App.—Corpus Christi 1990, pet. ref'd) ("It is not necessary that the corroborative evidence provide independent evidence of guilt sufficient to support the conviction."). As such, the instruction guided the jury's consideration only in a factual scenario that was not before them. Viewing the instruction in light of the record, the jury would have found it inapplicable to the facts. *See Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002) ("we assume that the jury followed

11

the instructions as given"). Because the instruction commented on the weight of evidence that was not presented at trial, we hold that it was harmless.

**Prior Conviction**

At the punishment phase of the trial, the State presented court records from California reflecting that an Isidro Hernandez was convicted of the sexual assault of a minor in 1974. Other records from the 1974 sexual assault including a police report that described the assault and contained identifying information such as Hernandez's date of birth, Texas address, and familial relationship to the victim, were made part of the record, but were not offered or admitted into evidence. Hernandez objected to the introduction of the records because he had not received proper notice and the State failed to show that Hernandez was the person named in the records. The trial court admitted the records.

In his fourth issue, Hernandez contends that the trial court erred by admitting the records of the prior sexual assault because the State did not connect him to the conviction. Although a judgment of a prior conviction is admissible in determining punishment, the State must prove that the defendant is the person so previously convicted. *See Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). A prior conviction may be proven by certified copies of a judgment and sentence and authenticated copies of records from the Texas Department of Corrections or other correctional institution, including fingerprints, supported by expert testimony matching them to the defendant. *Littles v. State*, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984); *Zimmer v. State*, 989 S.W.2d 48, 50 (Tex. App.—San Antonio 1998, pet. ref'd). The State may also offer: (1) testimony from a witness who personally knows the defendant and the fact of his prior conviction; (2) the defendant's

12

stipulations or judicial admissions; or (3) the defendant's photograph in a penitentiary packet or other official record. *Littles*, 726 S.W.2d at 31; *Daniel v. State*, 585 S.W.2d 688, 690-91 (Tex. Crim. App. 1979); *Zimmer*, 989 S.W.2d at 50.

Here, the State offered records of a prior conviction bearing the name Isidro Hernandez as State's exhibit 6. There was no other identifying information in these records. Although other identifying information was contained in State's exhibit 6A, that exhibit was not admitted into evidence. Because the State did not prove that the Isidro Hernandez named in the California prior conviction was actually the defendant, it was error to admit the records. *See Daniel v. State*, 585 S.W.2d at 692.

Because the error in admitting the records of the prior conviction was not constitutional error, we will reverse the jury's sentence only if the error had a substantial and injurious effect or influence in determining the jury's verdict. *See* Tex. R. App. P. 44.2(b); *King*, 953 S.W.2d at 271. The evidence presented by the State at the punishment phase of the trial consisted of the records of the California sexual assault, a brief description by L.J. of the negative effect of Hernandez's abuse on her life, and the opinion of L.J.'s sister Olita Foster that Hernandez is manipulative and should not be trusted in the community or with children. Hernandez's prior conviction for sexually assaulting a child was clearly the most important piece of evidence in the State's case on punishment. We conclude that the error in admitting the records of prior sexual assault conviction had a substantial and injurious effect or influence in determining the jury's verdict. *See* Tex. R. App. P. 44.2(b); *King*, 953 S.W.2d at 271. We therefore reverse that portion of the judgment imposing sentence and remand the cause for a new punishment hearing.

13

Because we reverse the portion of the judgment imposing sentence on the grounds that the State failed to connect Hernandez to the prior conviction introduced at the punishment phase, we need not reach Hernandez's other issues regarding notice of the prior conviction and cumulation of sentence.

**CONCLUSION**

We affirm the finding of guilt, but reverse that portion of the judgment imposing sentence and remand the case for a new punishment hearing. *See* Tex. Code Crim. Proc. art. 44.29(b) (West Supp. 2004).

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed in Part; Reversed and Remanded in Part

Filed: September 23, 2004

Do Not Publish