IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-2081-03






SHANTEE D. HAYWARD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion of the Court, in which Meyers,
Womack, Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. 
Keller, P.J., concurred in the result.


O P I N I O N 




 The State charged the appellant with committing murder by stabbing the victim. 
The appellant requested a lesser-included offense instruction for assault because she said
in a statement that she had only hit the victim with her fists and wrestled with him. We
hold that the trial court did not err in denying the appellant's request because an assault
using fists is not a lesser-included offense of murder by stabbing.

I. Facts


 Jonas Onwuchuruba, the appellant's ex-husband, was found stabbed to death in his
home. The appellant's car fit the description of the car that a witness saw speeding away
from the scene of the killing. The police arrested the appellant on a parole violation and
questioned her about the stabbing. 

 At first, the appellant claimed that she did not know of the victim's whereabouts or
when she had seen him last. Later, she admitted that she, her boyfriend, and a man
known to her as Chop (1) had been at his home on the day that he was killed. When the
victim refused to give the appellant money for drugs, she wrestled with him and hit him
with her fists. The appellant's boyfriend also wrestled with him. The appellant said that,
when the victim got away from them, Chop attacked him with a knife. According to the
appellant, she and her boyfriend left the scene while Chop was still stabbing the victim.

 The State indicted the appellant for the murder. At the end of the guilt phase of
the trial, the appellant requested that a lesser-included offense instruction for assault be
included in the jury charge. (2) The trial court denied the request.

 On direct appeal, the appellant complained that the trial court erred in failing to
give the lesser-included offense instruction for assault. The Court of Appeals reversed
the conviction, holding that assault is a lesser-included offense of murder under Code of
Criminal Procedure Article 37.09 and that the record contained evidence that, if the
appellant was guilty, she was guilty only of assault. (3) We granted the State's petition for
discretionary review.

II. The Law


 Upon request, a lesser-included offense instruction should be included in the jury
charge if (1) the requested charge is for a lesser-included offense of the charged offense
and (2) there is some evidence that, if the defendant is guilty, she is guilty only of the
lesser offense. (4) 

 Lesser-included offenses, in this context, are defined in Code of Criminal
Procedure Article 37.09. That provision defines lesser-included offenses in terms of the
offense charged. 

 (1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;

 (2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;

 (3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an
otherwise included offense. (5)

 When we review a trial court's decision to deny the request, we consider the
charged offense, the statutory elements of the lesser offense, and the evidence actually
presented at trial. (6) More specifically, we examine the statutory elements of the charged
offense as modified by the indictment. (7) Next, we examine the elements of the offense
claimed to be a lesser-included offense to see if the elements are functionally the same as
or less than those required to prove the charged offense. (8) Then we examine the evidence
actually presented to prove the elements of the charged offense to see if that proof also
shows the lesser-included offense. (9)

 In Campbell v. State, we elaborated and explained that double-jeopardy principles
are applicable in the context of a lesser-included offense analysis. (10) The critical elements
of the charging instrument, including time, place, identity, and manner and means, are
relevant to the inquiry of whether one offense includes another for double jeopardy
purposes and for purposes of lesser-included offense instructions. (11)

III. Analysis


 In this case, the appellant was charged with murder. (12) The relevant part of the
statute requires that the State prove that a person intended to cause serious bodily injury
and committed an act that was clearly dangerous to human life and caused the death of
the victim. (13) The indictment alleged that the appellant intentionally caused serious bodily
injury and caused the death of the victim by stabbing him with a knife or a piece of
glass. (14)

 A person commits an assault if she intentionally, knowingly, or recklessly (1)
causes bodily injury to another, (2) threatens another with imminent bodily injury, or (3)
causes physical contact with another when the person knows or should reasonably believe
that the other will regard the contact as offensive or provocative. (15) Subsection (1) applies
to this case: The appellant alleged that she wrestled with the victim and hit him with her
fists causing bodily injury.

 It is possible, under the right set of circumstances, for the statutory elements of
assault to be included within a murder because the two offenses could have the same
culpable mental state and bodily injury can be a subset of serious bodily injury. But this
is not such a case. The State alleged that the appellant stabbed the victim with a knife or
a piece of glass. The appellant claimed that she wrestled with the victim and hit him with
her fists. Hitting with fists could be a lesser-included offense of murder, but not as the
murder was charged in this case. 

 The appellant argues that, because there are many similarities between the offense
charged and the lesser-included offense that she claims to have committed, she was
entitled to the lesser-included offense instruction. She says that the time, place, and
alleged actor are the same. She argues that the manner and means is only one of several
factors to be considered. Specifically she says that, "simply because the appellant's hand
is empty one moment and might have contained a knife the next does not make the two
offenses completely separate offenses." 

 The evidence at trial showed that the victim had been stabbed over fifty times with
either a knife or a piece of glass. The appellant claimed that she caused bodily injury to
the victim by wrestling with him and hitting him with her fists, and thus, was guilty only
of assault. But, in her statement admitted during the trial, she did not say that she had
held or used a knife at any point during the attack. She claimed to have hit the victim
with her fists. 

 In this case, the main issue was identity. The State claimed that the appellant
stabbed the victim with a knife or a piece of glass. The appellant claimed that a man
known to her as Chop stabbed the victim with a knife. Whether the appellant assaulted
the victim with her fists on this or some other occasion was not an issue that was included
in the indictment. In other words, under this indictment, the State could not have secured
a valid conviction for the assault that the appellant alleges she committed. 

 Because the conduct that the appellant alleged was not included within the conduct
charged in the indictment, the trial court did not err in failing to give the lesser-included
offense instruction. We reverse the Court of Appeals's judgment and remand the case to
that Court to address the appellant's other points of error.

Delivered: March 2, 2005.

Publish.
1. The evidence at trial indicated that the police were unable to locate anyone known as
Chop.
2. The appellant also requested lesser-included offense instructions for manslaughter,
negligent homicide, and deadly conduct. On appeal, the appellant did not complain about the
denial of these requests.
3. Hayward v. State, 117 S.W.3d 5, 14 (Tex. App.--Houston [14th Dist.] 2003).
4. Jacob v. State, 892 S.W.2d 905, 907 (Tex. Crim. App. 1995).
5. Tex. Code Crim. Proc. Art. 37.09 (emphasis added).
6. Jacob, 892 S.W.2d at 907-08.
7. Id., at 908.
8. Ibid.
9. Ibid.
10. Campbell v. State, 149 S.W.3d 149, 155 (Tex. Crim. App. 2004).
11. Ibid.
12. Tex. Pen. Code § 19.02(b).
13. Tex. Pen. Code § 19.02(b)(2).
14. The indictment specifically charged that the appellant did


 unlawfully intend to cause serious bodily injury to [the complainant] and did
cause the death of the Complainant by intentionally and knowingly committing an
act clearly dangerous to human life, namely by stabbing the Complainant with a
deadly weapon, namely a knife.


 [and appellant] did . . . unlawfully intend to cause serious bodily injury to [the
complainant] and did cause the death of the Complainant by intentionally and
knowingly committing an act clearly dangerous to human life, namely by stabbing
the Complainant with a deadly weapon, namely a piece of glass.
15. Tex. Pen. Code § 22.01(a).