IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1635-12






THE STATE OF TEXAS



v.



MARK MERU, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY





 Meyers, J., delivered the opinion of the Court, in which KELLER,
P.J., and PRICE, JOHNSON, KEASLER, and HERVEY, JJ., joined. PRICE, J.,
filed a concurring opinion. ALCALA, J., filed a concurring opinion, in which
WOMACK and COCHRAN, JJ., joined.


O P I N I O N 


 

 Appellee, Mark Meru, was convicted of burglary of a habitation and sentenced to
25 years in prison. He filed a motion for new trial, complaining that the trial court erred in
refusing to give the requested jury instruction on the lesser-included offense of criminal
trespass. The trial court granted the motion for new trial based on this complaint. The
State appealed, arguing that criminal trespass cannot be a lesser-included offense of
burglary because trespass requires intrusion of the defendant's entire body while burglary
only requires a partial intrusion of the body. The court of appeals affirmed the trial court's
order for a new trial. State v. Meru, No. 13-12-00223-CR, 2012 Tex. App. LEXIS 8942
(Tex. App. - Corpus Christi Oct. 25, 2012) (not designated for publication). We granted
the State's petition for discretionary review to determine whether the court of appeals
erred in affirming the trial court's grant of Appellee's motion for a new trial. We disagree
with the court of appeals that Appellee was entitled to an instruction on the lesser-included offense of criminal trespass and, therefore, reverse.

FACTS

 Andrew Trevino was inside his apartment when there was a knock on the door.
Trevino looked through the peephole and saw Appellee standing at his door. Trevino, not
recognizing Appellee, decided not to open the door and instead watched him through the
peephole for roughly a minute and a half. During that time, Trevino watched Appellee
again knock on his door and walk back and forth between it and his neighbor's door.
When he saw Appellee finally turn away from his door, Trevino, believing Appellee was
leaving, walked away from his door and went into his restroom. 

 Trevino testified that while he was in the restroom, he heard a loud thud at the
front door. He quickly proceeded to the front of his apartment where he found the door
open and the molding around it broken. When he stepped outside to look around, Trevino
saw Appellee walking toward the street, no more than 15 feet away from Trevino's
apartment. Nothing was missing from the apartment, but Trevino called the police. While
on the call, he approached and asked Appellee why he had kicked in his door. Appellee
responded that he had seen someone "looking in [Trevino's] patio," and he was simply
trying to scare them away.

 When Officer Brenda Garza arrived, Appellee told her that he did not kick in the
door and was at the apartments looking for a friend who lived there. Appellee later told a
detective that he had been by his car when he saw a man running from the direction of
Trevino's apartment. Appellee stated that Trevino then came outside, approached
Appellee, and accused him of pushing in the door to his house. Appellee specifically
denied breaking into Trevino's apartment.

 The State charged Appellee with burglary by entering a habitation without the
effective consent of the owner with intent to commit theft. 

 At trial, an officer with extensive experience investigating burglaries, testified that
the damage to the door was indicative of a person having pushed in one side of the door
with their body, rather than having kicked it in. The officer also testified that a person
would "absolutely" break the plane of the home's entry when pushing in a door in that
manner.

 Appellee requested a jury instruction on criminal trespass, but the court did not
specifically rule on the request and no instruction was included. The jury found Appellee
guilty of burglary and he was sentenced by the court to twenty-five years in prison.
Appellee filed a timely motion for new trial, which was granted based on the failure to
instruct the jury on the lesser-included offense of criminal trespass.

COURT OF APPEALS

 On appeal, the court began with the two-step analysis for determining whether a
lesser-included-offense instruction should be given: (1) Are the elements of the lesser-included offense included within the proof necessary to establish the elements of the
charged offense? (2) Is there evidence in the record that could allow a jury to find the
defendant guilty of only the lesser-included offense? Meru, 2012 Tex. App. LEXIS 8942,
at *3 (citing Rice v. State, 333 S.W.3d 140, 144 (Tex. Crim. App. 2011)); See also
Royster v. State, 622 S.W.2d 442, 447 (Tex. Crim. App. 1981); Hall v. State, 225 S.W.3d
524, 535-36 (Tex. Crim. App. 2007).

 In analyzing the first step, the court of appeals concluded that this court's holding
in Goad v. State, 354 S.W.3d 443 (Tex. Crim. App. 2011), was controlling. Meru, 2012
Tex. App. LEXIS 8942, at *5. There, we held that criminal trespass can be a lesser-included offense of burglary. The court of appeals found no reason to distinguish this case
from Goad and determined that the outcome of the first step's elemental analysis of the
two offenses would, therefore, be the same. Id. at *6. The court of appeals further
determined that, because Trevino testified that Appellee said he was trying to scare
someone off Trevino's patio, a jury would have been able to find Appellee guilty of
criminal trespass and not guilty of burglary based on the lack of intent to commit theft. Id.
at *8. With both steps of the analysis resolved in favor of including the instruction on
criminal trespass, the court of appeals affirmed the trial court's order for a new trial. Id.

ARGUMENTS OF THE PARTIES

 The State argues that the court of appeals erred when it held that criminal trespass
is a lesser-included offense of burglary and affirmed the trial court's order granting a new
trial. The State contends that criminal trespass contains an additional element that
disqualifies it from being a lesser-included offense of burglary. Under Texas Penal Code
Section 30.05(b)(1), the State asserts, criminal trespass requires the entry of the
defendant's entire body, making it insufficient to demonstrate that only a part of the
defendant's body entered the complainant's property. Under Texas Penal Code Section
30.02(b), however, it is sufficient to show only a partial entry for the crime of burglary.
The State further asserts that even if criminal trespass is a lesser-included offense of
burglary, the instruction could not be given in this case because the evidence does not
support a conviction on criminal trespass alone. The State contends that there was no
evidence of a motive other than theft, and, therefore, no evidence that would allow a jury
to find Appellee guilty of criminal trespass but not guilty of burglary of a habitation.

 Appellee argues that the entry of "any part of the body" required by the burglary
statute necessarily includes entry of the entire body. Therefore, Appellee submits,
criminal trespass is a lesser-included offense of burglary of a habitation. Appellee further
states that the evidence presented at trial places both the "entry" and "intent" elements at
issue, enabling a jury to find a defendant guilty of criminal trespass and not guilty of
burglary.

CASELAW AND STATUTES

 Courts apply the two-step analysis discussed above to determine whether an
instruction on a lesser-included offense should be given to the jury. Cavazos v. State, 382
S.W.3d 377, 382 (Tex. Crim. App. 2012); Hall, 225 S.W.3d at 535-36; Rousseau v. State,
855 S.W.3d 666, 673 (Tex. Crim. App. 1993); Royster, 622 S.W.2d at 447. The first step
of the analysis is a question of law that does not depend on the evidence presented at trial.
This step compares the elements of the offense as alleged in the indictment with the
elements of the requested lesser offense. An offense will be a lesser-included offense
where "it is established by proof of the same or less than all the facts required to establish
the commission of the offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1). To
determine whether an offense qualifies as a lesser-included offense under this statute, we
use the cognate-pleadings approach. Ex parte Watson, 306 S.W.3d 259 (Tex. Crim. App.
2009) (op. on reh'g). In Watson, we explained that 

 An offense is a lesser-included offense of another offense, under Article
37.09(1) of the Code of Criminal Procedure, if the indictment for the
greater-inclusive offense either: 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive
averments, such as non-statutory manner and means, that are alleged for
purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. Both statutory elements and any
descriptive averments alleged in the indictment for the greater-inclusive
offense should be compared to the statutory elements of the lesser offense.
If a descriptive averment in the indictment for the greater offense is
identical to an element of the lesser offense, or if an element of the lesser
offense may be deduced from a descriptive averment in the indictment for
the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser
offense are contained within the allegations of the greater offense. 


Id. at 273 (citations omitted).

 As stated in Watson, the elements of the lesser-included offense do not have to be
pleaded in the indictment if they can be deduced from facts alleged in the indictment. Id.
In this situation, the functional-equivalence concept can be employed in the lesser-included-offense analysis. When utilizing functional equivalence, the court examines the
elements of the lesser offense and decides whether they are "functionally the same or less
than those required to prove the charged offense." McKithan v. State, 324 S.W.3d 582,
588 (Tex. Crim. App. 2010) (citing Farrakhan v. State, 247 S.W.3d 720, 722-23 (Tex.
Crim. App. 2008)); Jacob v. State, 892 S.W.2d 905, 908 (Tex. Crim. App. 1995).

 If this analysis supports a determination that the requested lesser offense is a
lesser-included offense, the court will move to the second step of the test and consider
whether a rational jury could find that, if the defendant is guilty, he is guilty only of the
lesser offense. Hall, 225 S.W.3d at 536; Rousseau, 855 S.W.3d at 673. This is a fact
determination and is based on the evidence presented at trial. If there is evidence that
raises a fact issue of whether the defendant is guilty only of the lesser offense, an
instruction on the lesser-included offense is warranted, regardless of whether the evidence
is weak, impeached, or contradicted. Cavazos, 382 S.W.3d at 383. ANALYSIS

 Applying the cognate-pleadings approach, we first determine whether the
indictment charging Appellee with burglary of a habitation alleges either all of the
elements of criminal trespass, or elements and facts from which all of the elements of
criminal trespass may be deduced. 

 A person commits criminal trespass if he "enters or remains on or in property of
another . . . without effective consent and the person: (1) had notice that the entry was
forbidden; or (2) received notice to depart but failed to do so." Tex. Penal Code Ann. §
30.05(a). For the purposes of this statute, Section 30.05(b)(1) specifically defines "entry"
as "intrusion of the entire body."

 The statutory elements of burglary of a habitation under Section 30.02(a), as listed
in the indictment, are

 (1) Mark Meru [Appellee]

 (2) with intent to commit theft

 (3) entered a habitation

 (4) without effective consent of the owner, Andrew Trevino (1)

With respect to the burglary statute, "enter" is specifically defined as "to intrude: (1) any
part of the body; or (2) any physical object connected with the body." Tex. Penal Code
Ann. § 30.02(b).

 This court has previously held that criminal trespass can be a lesser-included
offense of burglary of a habitation. Goad, 354 S.W.3d at 446; Aguilar v. State, 682
S.W.2d 556, 558 (Tex. Crim. App. 1985); Day v. State, 532 S.W.2d 302, 304-06 (Tex.
Crim. App. 1975). Although we determined in these cases that each element of criminal
trespass would be established with proof equal to or less than that required for burglary of
a habitation, we never examined or addressed the issue of the difference between the
definitions of "entry" for these two offenses. See id. The facts of the present case require
us to do so now.

 The definition of "entry" in Section 30.05(b) makes the showing of only a partial
entry by the defendant insufficient for a conviction of criminal trespass. This same partial
entry, however, is all that is needed to support a burglary conviction. In other words, a
burglary can be complete upon only a partial intrusion onto the property, whereas the
lesser offense would require a greater intrusion. One can imagine a variety of
circumstances, including the one in this case, where a defendant who partially encroaches
on property could be convicted of burglary but not of criminal trespass because his "entire
body" did not enter onto the property. Because criminal trespass requires proof of greater
intrusion than burglary, the divergent definitions of "entry" will generally prohibit
criminal trespass from being a lesser-included offense of burglary. (2)

 It would be possible, however, for the elements of criminal trespass to be deduced
from the facts alleged in an indictment for burglary of a habitation, as expressly discussed
in Watson. Under the cognate-pleadings approach, criminal trespass would qualify as a
lesser-included offense if the indictment alleges facts that include the full-body entry into
the habitation by the defendant. This is consistent with our prior analyses of lesser-included offenses. For example,

in Bartholomew v. State, 871 S.W.2d 210 (Tex.Cr.App. 1994), the
indictment charged reckless driving and alleged the acts showing
recklessness as racing and speeding. After doing a statutory comparison of
the three offenses, we held that although racing and speeding are not
necessarily lesser included offenses of reckless driving, in this case they
were because the indictment charging the offense of reckless driving
specifically alleged racing and speeding and the proof at trial showed racing
and speeding. If the State had alleged other acts to prove the element of
recklessness, evidence of racing and speeding presented at trial would not
entitle the defendant to a charge on racing and speeding as lesser included
offenses. For instance, if the indictment alleged recklessness by driving in
circles, "doing donuts" in the street, and the evidence presented at trial
showed the defendant did that as well as raced and sped, speeding and
racing would not be facts "required to establish" the charged offense of
reckless driving because the charged offense alleged recklessness by "doing
donuts." Since racing and speeding would not be "required to establish" the
charged offense, they would not be lesser included offenses of the charged
offense.

Jacob, 892 S.W.2d at 908. Therefore, had Appellee's indictment in this case alleged that
he entered by intruding his entire body into the habitation, criminal trespass could have
been a lesser-included offense since such a descriptive averment is identical to the entry
element of criminal trespass. (3)

 Appellee fails to meet the first prong of the lesser-included offense analysis
because the entry element of criminal trespass does not require the same or less proof than
entry for burglary and there are no facts alleged in the indictment that would allow the
entry element of criminal trespass to be deduced. Because this first prong is not met, we
need not proceed to the second prong and examine the evidence presented at trial to
determine whether a jury could have found Appellee guilty only of criminal trespass. The
court of appeals erred in affirming the trial court's grant of a new trial based on the
failure to instruct the jury on criminal trespass.

CONCLUSION

 The court of appeals improperly concluded that criminal trespass was a lesser-included offense of burglary of a habitation in this case. Appellee failed to demonstrate
that criminal trespass is "established by proof of the same or less than all the facts
required to establish the commission of the offense charged," as required by Article
37.09(1) of the Code of Criminal Procedure. The judgment of the court of appeals is
reversed.


Delivered: November 27, 2013

Publish
1. The indictment alleged "that Mark Meru, defendant, on or about November 8, 2011, in
Nueces County, Texas, did then and there, with intent to commit theft, enter a habitation, without
the effective consent of Andrew Trevino, the owner thereof." The entry here clearly refers to the
one defined in the burglary statute.
2. While we find it counterintuitive for criminal trespass to not be a lesser-included offense
of burglary, the statutes bind us. The Legislature specifically chose different definitions of
"entry" for these two crimes and, as discussed, this difference prevents a conclusion that criminal
trespass is a lesser-included offense.
3. In a burglary indictment in which the State does not allege whether the defendant's entry
was full or partial, an instruction on criminal trespass as a lesser-included offense would be
prohibited. However, a defendant who committed a full-body entry and wants the opportunity for
an instruction on criminal trespass can file a motion to quash the indictment for lack of
particularity. This would force the State to re-file the indictment, specifying the type of entry it
alleges the defendant committed and allow either party to later request an instruction on criminal
trespass.